■ ALEXANDER FINKELSTEIN, Respondent, v IABM BAKERY SYSTEMS, INC., et al., Appellants. — Judgment, Supreme Court, New York County (Sinclair, J.), entered August 12, 1981, which granted plaintiff-respondent's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 upon an instrument for the payment of money only, unanimously reversed, on the law, with costs, the motion denied and plaintiff is directed to serve formal pleadings. Defendant IABM Bakery Systems, Inc. (IABM), a New York corporation, is engaged in the business of purchasing and selling bakery equipment and ovens. Defendants Leon Angel and Alvin Mintz are principals of IABM and Angel is its president. On September 18, 1978, Mintz and Angel each executed an "Unlimited Guaranty" in favor of Bank Hapoalim, "irrevocably and unconditionally guarant[eeing] to the bank, payment when due, whether by acceleration or otherwise, of any and all liabilities of the borrower to the bank * * * 'in consideration of' financial accommodations given or to be given or continued to IABM Bakery Systems, Inc." About a year later IABM purchased for purposes of resale, a bakery oven from Thermoil Manufacturing Enterprises, Ltd.

(Thermoil), a manufacturer of baking ovens and bakery equipment. At Thermoil's request the promissory notes given by IABM in payment of the purchase price were made payable to Bank Hapoalim, as collecting agent for Thermoil. The bank's role was limited to acting as a collecting agent of the notes for its principal Thermoil. It appears that Thermoil, through the bank requested that Mintz and Angel personally guarantee the notes that were to be given to Thermoil. Mintz and Angel refused this request and it was understood between them and the bank that since Hapoalim was to be acting only as a collecting agent for Thermoil, the notes when paid were to be credited solely to Thermoil's account and were not to be discounted or assigned to others. IABM thereafter refused to make payment on the last of the series of notes for $75,216, because its vendee, Cal French, refused to honor its payment due to IABM, claiming that the oven's conveyor system was defective. Thermoil has conceded that there are deficiencies in the oven, but asserts that they involve problems that have developed since the note became due and that for the most part satisfactory repairs and adjustments have been made. IABM on the other hand, contends that the oven is unmerchantable because of "an intrinsic engineering defect which renders its conveyor system defective." Moreover, IABM asserts that it had and has a running account with Thermoil pursuant to which invoices from one company to the other have been paid or offset by the cancellation of mutual debts. Thus, they contend some $64,800 owed by Thermoil to IABM was deducted from the note which became due on February 16, 1980. In addition, other factual issues clearly exist, e.g., the relationship between plaintiff and Thermoil, whether the purported assignment was merely a device to circumvent the running account relationship between IABM and Thermoil, as alleged by defendants, and whether as alleged by defendants plaintiff has no authority from Thermoil to act as its collecting agent under an assignment of that agency duty from the bank. Finally, an issue of fact is raised as to whether the instant transaction was personally guaranteed by the individual defendants who maintain that they refused the bank's request to personally guarantee the subject note and, that the bank confirmed to the defendants that it would accept the promissory notes without personal guarantees. The rather complex factual assertions made by the parties herein would better be set forth in formal pleadings. Accordingly, plaintiff is directed to serve a formal complaint. Concur — Kupferman, J. P., Ross, Fein and Alexander, JJ.